1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation;
AMAZON.COM SERVICES LLC, a Delaware
limited liability company,

                    Plaintiffs,

          v.

ASHLEY HAWAT, an individual; ZHANG
MENGJIE, an individual; SHENZHEN YUHAN
ELECTRONIC COMMERCE CO., LTD., a
Chinese corporation; Individuals and/or Entities
Doing Business as Certain Amazon Selling
Accounts Identified in SCHEDULES 1A and 1B;
and DOES 1-10,

                    Defendants.

No. 2:23-cv-1374

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

## I.    INTRODUCTION

1.      This case involves Defendants' unlawful and expressly prohibited advertisement, promotion, and/or sale of counterfeit and/or infringing luxury fashion products. Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Plaintiffs") bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's customers and reputation, and to hold Defendants accountable for their illegal actions. As set forth in detail below, this case revolves around an individual, Defendant Ashley Hawat ("Hawat"), who engages in social influencer activities on various websites and apps for the purpose of promoting,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

advertising, and facilitating the sale of counterfeit and/or infringing luxury fashion goods, including those sold by the Amazon selling accounts ("Selling Accounts"), and the persons and entities behind such accounts, detailed in **Schedules 1A and 1B** attached hereto (the "Trafficker Defendants," and collectively with Hawat, "Defendants"). Together, Hawat and these bad actors engaged in a sophisticated campaign of false advertising in an attempt to evade Amazon's counterfeit and infringement detection tools.

2.      Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store") and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2022 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from fraud and abuse. Amazon stopped over 800,000 suspected bad-actor selling accounts before they published a single listing for sale.

3.      Hawat and the Trafficker Defendants promoted, advertised, and sold counterfeit and/or infringing luxury products using "hidden links" in order to avoid detection by Amazon or brand owners. The Trafficker Defendants first created product display pages that showed seemingly non-infringing and non-branded products. Hawat then used her social media accounts to direct her followers to these "hidden links" that she indicated were for counterfeit and/or infringing Prada, Hermès, Chanel, Louis Vuitton, Christian Dior, and other luxury brand products. Hawat openly acknowledged that the products were "fake," informed her followers that they would receive products bearing luxury brand trademarks, and urged her followers to order the products before Amazon could take down the listings. And when customers ordered the products, the Trafficker Defendants shipped counterfeit and/or infringing luxury products—just

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

as Hawat had advertised. On information and belief, Hawat received a commission from the counterfeit and/or infringing sales that she promoted when her social media followers clicked on a link in Hawat's posts and purchased the products from the Trafficker Defendants.

4.      In summary, Hawat knowingly assisted in the sale of counterfeit and/or infringing products by the Trafficker Defendants and other bad actors for her own personal profit, and in a coordinated attempt to obfuscate the infringement and avoid detection by Amazon and brands. As a result of their illegal actions, Defendants have infringed and misused the IP of various brands, willfully deceived and harmed Amazon and its customers, compromised the integrity of the Amazon Store, and undermined the trust that customers place in Amazon. Defendants' illegal actions have caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon and its customers.

## II.      PARTIES

5.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

6.      On information and belief, Defendant Ashley Hawat is an individual residing in Waxhaw, North Carolina who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

7.      On information and belief, Defendant Zhang Mengjie ("Defendant Mengjie")[1] is an individual residing in China who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Selling Account in the Amazon Store with the name "Fucom-US" (the "Fucom-US Selling Account"), and derived a direct financial benefit from that wrongful conduct. On further

---

[1] On information and belief, Defendant Mengjie's name in Chinese characters is 张梦杰.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

information and belief, Defendant Mengjie personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to Defendant Shenzhen Yuhan Electronic Commerce Co., Ltd., and derived a direct financial benefit from that wrongful conduct.

8.      On information and belief, Defendant Shenzhen Yuhan Electronic Commerce Co., Ltd. ("Defendant Shenzhen Yuhan")[2] is a Chinese corporation owned, operated, managed, and/or controlled by Defendant Mengjie. On further information and belief, Defendant Shenzhen Yuhan personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint related to the Fucom-US Selling Account, and derived a direct financial benefit from that wrongful conduct.

9.      The Trafficker Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting and infringement scheme alleged in this Complaint. The Trafficker Defendants are the individuals and entities who operated, controlled, and/or were responsible for the Selling Accounts detailed in Schedules 1A and 1B. The Trafficker Defendants personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. The Trafficker Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit and/or infringing products in the Amazon Store. The identities of the Doe Defendants are presently unknown to Amazon.

_____

[2] On information and belief, Defendant Shenzhen Yuhan's name in Chinese characters is 深圳市羽涵电子商务有限公司.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

### III.     JURISDICTION AND VENUE

11.     The Court has subject matter jurisdiction over Amazon's Lanham Act claims for false designation of origin and false advertising, and contributory false designation and false advertising pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's claim for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

12.     The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's claims arise from those activities. The Trafficker Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold counterfeit and/or infringing products in the Amazon Store. Additionally, all but two of the Trafficker Defendants shipped products bearing counterfeit and/or infringing trademarks to consumers in Washington, and caused the shipment of counterfeit and/or infringing products promoted by Hawat to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon substantial injury in Washington.

13.     Further, the Trafficker Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights in the Amazon Store are the state or federal courts located in King County, Washington. The Trafficker Defendants detailed in Schedule 1A have consented to the jurisdiction of this Court by agreeing to a version of the BSA which also provides that the "Governing Courts" for claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.[3]

14.     Hawat promoted and facilitated the sale of counterfeit and/or infringing products

---

[3] The Trafficker Defendants in Schedules 1A and 1B are subject to different versions of the BSA.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

in the Amazon Store with knowledge that the injuries from this infringing conduct would impact Amazon in Washington. Hawat's actions systematically targeted Amazon in a wrongful scheme to extract commissions from sales of infringing products in the Amazon Store. Hawat used Amazon's services to enable her wrongful conduct.

15.     Personal jurisdiction is also proper in this Court over Hawat because she is bound by Amazon's Conditions of Use through her use of Amazon's services, which establishes exclusive jurisdiction in the state and federal courts of King County, Washington for disputes related in any way to her use of services in the Amazon Store. Hawat used, and specifically targeted, services in the Amazon Store through her promotion of counterfeit and/or infringing products disguised to look like non-infringing products, and she had actual or constructive notice of the Conditions of Use. The Conditions of Use contain a Washington forum selection clause that states: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts." The Conditions of Use also contain a Washington choice-of-law provision.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because the Trafficker Defendants consented to it under the BSA, and Hawat consented to it under Amazon's Conditions of Use.

17.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit and Infringing Goods

18.     Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

19.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit and infringing products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

20.     Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a full legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

21.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit and infringing products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeit and infringing products from being offered in Amazon's stores. Amazon's systems

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1    automatically and continuously scan thousands of data points to prevent, detect, and remove

2    counterfeit and infringing products from its stores and to terminate the selling accounts of bad

3    actors before they can offer counterfeit and infringing products. When Amazon identifies issues

4    based on this feedback, it takes action to address them. Amazon also uses this intelligence to

5    improve its proactive prevention controls.

6          22.    In 2017, Amazon launched Brand Registry, a free service that offers rights owners

7    an enhanced suite of tools for monitoring and reporting potential instances of infringement,

8    regardless of their relationship with Amazon. Brand Registry delivers automated brand

9    protections that use machine learning to predict infringement and proactively protect brands' IP.

10   Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for

11   and report potentially infringing products using state-of-the-art image search technology. In

12   2022, through continued improvements in Amazon's automated protections, brands found fewer

13   infringing products in Amazon's stores, with the number of valid notices of infringement

14   submitted by brands in Brand Registry decreasing by more than 35% from 2021.

15         23.    In 2018, Amazon launched Transparency, a product serialization service that

16   effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can

17   apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers,

18   law enforcement, and customers to determine the authenticity of any Transparency-enabled

19   product, regardless of where the product was purchased. In 2022, over 33,000 brands were using

20   Transparency, an increase of 40% from 2021, enabling the protection of more than 900 million

21   product units across the supply chain.

22         24.    In 2019, Amazon launched Project Zero, a program to empower brands to help

23   Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit

24   removal tool that enables brands to remove counterfeit listings directly from Amazon's stores.

25   This enables brands to take down counterfeit product offerings on their own within minutes. In

26   2022, there were more than 22,000 brands enrolled in Project Zero. For every listing removed by

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

a brand, Amazon's automated protections removed more than 1,000 listings through scaled technology and machine learning, stopping those listings from appearing in Amazon's stores.

25.      Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities.

26.      In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.      The Trafficker Defendants Created Amazon Selling Accounts, Agreed Not to Sell Counterfeit or Infringing Goods, and Agreed to Provide Accurate Information to Amazon**

27.      At various times between January 2018 and June 2022, the Trafficker Defendants established, controlled, and operated the eight Selling Accounts detailed in Schedules 1A and 1B, through which they sought to advertise, market, offer, distribute, and sell counterfeit and/or infringing Prada, Hermès, Chanel, Louis Vuitton, or Christian Dior products. In connection with these Selling Accounts, Defendants provided Amazon with names, email addresses, and banking information. In the course of their investigation, Amazon determined that certain of the Trafficker Defendants took active steps to mislead Amazon and conceal their true locations by providing falsified and/or fraudulent information in connection with their Selling Accounts.

28.      To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. True and correct copies of the applicable versions of the BSA, namely, the versions the Trafficker Defendants last agreed to when using Amazon's services, are attached as **Exhibit A**.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

29.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. A, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

30.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit B**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.
- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]
- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

31.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:
  - Bootlegs, fakes, or pirated copies of products or content
  - Products that have been illegally replicated, reproduced, or manufactured
  - Products that infringe another party's intellectual property rights
- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- **Consequences of Selling Inauthentic Products.** If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- **Amazon Takes Action to Protect Customers and Rights Owners.** Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- **Reporting Inauthentic Products.** We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

32.     Additionally, under the terms of the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id.* ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id*. ¶ 5.

33.     When the Trafficker Defendants registered as third-party sellers in the Amazon Store, and established their Selling Accounts, they agreed not to advertise, market, offer, distribute, or sell counterfeit or infringing products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained as such.

**C.      Hawat Advertised, Promoted, and Facilitated Sales of the Trafficker Defendants' Counterfeit and/or Infringing Products**

34.     Hawat operated and controlled social media accounts through which she promoted, advertised, and facilitated the sale of various counterfeit and/or infringing luxury products, such as counterfeit and/or infringing Prada and Chanel handbags, or counterfeit and/or infringing Hermès, Louis Vuitton, and Christian Dior jewelry.

35.     Starting as early as February 2021, Hawat created posts on various social media platforms that advertised counterfeit and/or infringing jewelry, handbags, and accessories, and that provided links to websites where her followers could purchase such products. Hawat's social media accounts were entitled "Ashley Hawat" or other iterations of her name. Hawat amassed over 14,000 followers on the photo sharing app, Instagram, before her account was shut down, and she has 18,000 subscribers to her still-active channel on YouTube, a video sharing website and app. Hawat also used her Linktree account to promote counterfeit and/or infringing products. Linktree is a landing page where Hawat posted links to other websites, including links to product listing pages in the Amazon Store.

36.     Hawat's promotion of counterfeit and/or infringing products followed a pattern. With respect to the scheme here, she posted links to product listing pages in the Amazon Store on her social media accounts, such as Instagram or YouTube. The content of Hawat's posts made clear to her followers that the products she promoted were counterfeits and/or infringements of

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

luxury brand products, as detailed below. However, the bad actors' product listing pages that she linked to in the Amazon Store were disguised to display non-branded products, often with the brand's logo obfuscated or pixelated in the product image, and with textual descriptions that avoided reference to the infringed brand. As illustrated in the examples below, Defendants' "hidden links" scheme was a deliberate effort to promote the sale of counterfeit and infringing products while attempting to conceal the infringing conduct from Amazon and brand owners.

37.    For example, on July 3, 2022, Hawat posted a link to a product listing page in the Amazon Store under the heading "$15 PRADA BAG FROM AMAZON!! RUN!!!!"



38.    However, when customers accessed the product listing page at the link provided, the product listing page in the Amazon Store displayed an image of a non-branded handbag offered for sale by the Jinan Huicaicheng Cross-border E-commerce Co., Ltd.[4] Selling Account

---

[4] This is the name of the Huicaicheng Selling Account translated to English from its Pinyin name. The name of this Selling Account in Pinyin as it appeared publicly in the Amazon Store is "Jinanhuicaichengkuajingdianzishangwuyouxiangongsi." as set forth in Schedule 1A.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 13

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

("Huicaicheng Selling Account"), the "brand" indicated was "N/A," and the product description

did not reference the Prada brand. Instead, the product description stated: "NA Handmade Straw

Bag, Travel Beach Fishing Mesh Bag, Straw Woven Bag Female Pastoral Style Weaving Hollow

Shoulder Bag." The Prada logo also was obfuscated in the image of the bag.

 

39.     When Amazon's investigator purchased the product from the Huicaicheng Selling

Account, the product the investigator received was a counterfeit Prada handbag bearing the

registered Prada trademark,[5] just as Hawat had promised her followers.



---

[5] *See* Prada trademark (Reg. No. 2162795) (covering handbags).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

40.     Hawat also used "hidden links" to promote the sale of counterfeit Hermès bracelets. On or about April 11, 2022, Hawat posted photos on her Instagram account of an image of a non-branded bracelet with the statement: "OMGGG FAKE HERMES BANGLE!!! I ACTUALLY JUST ORDERED ONE FROM DHGATE BUT LOOK AT THIS ONE FROM AMAZON!!!!"



41.     In a follow up post, Hawat showed an image from a customer's review of that product in the Amazon Store showing that the product bore Hermès' "H" design trademark.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11




12   42.     The product listing page in the Amazon Store displayed a non-branded bracelet

13 offered for sale by the Fucom-US Selling Account. This listing contained no references to

14 Hermès and no images of the bracelet's Hermès' "H" design trademark in an effort to

15 circumvent Amazon's counterfeit detection tools. The product description stated "Women H

16 Shaped Buckle Bracelet Birthday Christmas Valentine Jewelry Gift for Women Girls" and listed

17 the "Brand" as "MX-Hyker."

18
19
20
21
22



23
24
25
26
27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

43.     When Amazon's investigator purchased three of the products offered for sale by the Fucom-US Selling Account in the listing shown above, the products the investigator received were counterfeit Hermès bracelets bearing the registered Hermès word trademark and "H" design trademark, as shown below.[6]

 

44.     On February 16, 2022, Hawat posted "TAP HERE FOR THE CHANEL DUPE!!" "ONLY $40!!" above a photo of a counterfeit Chanel handbag bearing Chanel's interlocking registered "CC" design trademark.



---

[6] *See* Hermès trademark (Reg. Nos. 0368785; 4278653) (covering jewelry); H trademark (Reg. Nos. 6105385; 3233557) (covering bracelets).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

45.     When customers accessed the product listing page at the link Hawat provided, the page displayed an image of a handbag offered for sale by the Bamei (7-15 days delivery) Selling Account ("Bamei Selling Account") in which the logo on the handbag's clasp was obfuscated by pixelation. The "Brand" indicated "REDI," and the listing page did not reference Chanel in the product description. Instead, the product description stated: "Women's Classic Quilted Crossbody Purse PU Leather Shoulder Bags Golden China Satchel Handbags."



46.     Although the product listing page was disguised to display and describe a non-branded product, when Amazon's investigator purchased the product shown in the listing, the Bamei Selling Account sent to the investigator a handbag bearing a counterfeit Chanel registered design mark.[7] This was the same counterfeit Chanel handbag shown in Hawat's Instagram post.



---

[7] *See* CC trademark (Reg. Nos. 1314511; 1734822) (covering handbags).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

47.     Hawat used a similar tactic when she promoted counterfeit Louis Vuitton earrings. On or about May 30, 2022, she made an Instagram post advertising "LV EARRINGS & many options!!" with a picture of earrings in which the "L" portion of the registered interlocking "LV" design trademark of the product was digitally obfuscated.



48.     The product listing page, in turn, included images of the earrings offered for sale by the Insect-LTD Selling Account ("Insect-LTD Selling Account") in which the "L" portion of the "LV" design was obfuscated in a similar manner to Hawat's post. The product listing page identified the "Brand" of the product as "Insect," and the product description did not reference "Louis Vuitton" or "LV." Instead, it stated: "L Letter Earrings V Letter Earrings for Womens Stud Jewelry L Logo V Logo for Women Gift…." The Insect-LTD Selling Account included other words in between the letters "L" and "V" in the product description in an attempt to avoid Amazon's counterfeit detection tools.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax



49.     When Amazon's investigator purchased two of the products shown in the listing, the Insect-LTD Selling Account sent to the investigator counterfeit Louis Vuitton-branded earrings bearing the Louis Vuitton and LV registered trademarks.[8]



---

[8] *See* Louis Vuitton trademark (Reg. No. 2904197) (covering earrings); LV trademark (Reg. Nos. 5477535; 6115804) (covering earrings).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

50.     In another Instagram post on or about May 2, 2022, Hawat posted an image of a counterfeit Christian Dior bracelet displaying Christian Dior's registered "CD" design trademark and readily acknowledged Amazon's proactive efforts to deactivate the listings of counterfeit products she sought to promote: "& that's really it for Amazon! Links get taken down so fast! So far that's all that's back up!"



51.     The product listing page promoted by Hawat offered for sale a bracelet by the Hǎikǒu jiàn mó yī màoyì yǒuxiàn gōngsī Selling Account (the "Haikou Selling Account"). The "Brand" of the product was listed as "Wiazhu," the listing page did not reference Christian Dior in the product description, and the product image pixelated the medallion attached to the clasp so the brand name ("Dior") was obfuscated. The product description stated: "18k Gold Plated Cuban Chain CD Initial Stainless Steel Non-Fading Dainty Bracelet."

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10



11   52.      When Amazon's investigator purchased the product from the Haikou Selling

12   Account, the product the investigator received was a counterfeit Christian Dior bracelet bearing

13   the registered CD trademark, just as Hawat had shown in her social media post.[9] The counterfeit

14   product also bore the registered Dior trademark on the medallion attached to the clasp, which had

15   been obfuscated in the product image on the product listing page.[10]

16
17
18
19
20
21
22
23
24
25

 

26   _____

[9] *See* CD trademark (Reg. Nos. 1123944; 0770799) (covering jewelry).

27   [10] *See* Dior trademark (Reg. No. 1923564) (covering jewelry).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 22

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

53.     Hawat's posts leave no doubt that her promotion of counterfeit and/or infringing products is knowing, deliberate, and willful. She not only made clear to her followers that the products which were disguised as *non-branded* on the bad actors' product listing pages in reality were *branded* counterfeits, but she even commented on the obfuscation tactics the bad actors used to conceal their counterfeit sales. For example, on or about April 4, 2022, she wrote in a post: "LV NEVERFULL!! FROM AMAZON!!! (Theyre [sic] Making it look like there [sic] selling the organizers!! but the reviews are saying they [sic] for the dupe!!! smart!!!)." And as Hawat described, the Trafficker Defendants superimposed a non-branded organizer over a blurred image of a counterfeit handbag in the listing in order to circumvent Amazon's counterfeit detection tools.



54.     Hawat's knowledge of the counterfeit nature of the products she promoted is further evidenced by her acknowledgment that Amazon has proactively taken down links for infringing products that she has promoted. In a post on or about April 18, 2022, Hawat promoted what appears to be counterfeit earrings bearing Chanel's registered interlocking CC design

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

trademark[11] and informed her followers: "the one I ordered was taken down [by Amazon] here's another link!"



55.     Hawat's recognition of the obfuscation tactics that the bad actors were using in an attempt to conceal their sale of counterfeit and/or infringing products from Amazon was further demonstrated by a post showing a Christian Dior beach bag with the registered Christian Dior trademark[12] obfuscated through pixelation. In the post, Hawat explicitly acknowledged both the obfuscation tactics of bad actors and Amazon's efforts to take down such listings, stating: "Dior beach bag!! This will be taking [sic] down so quickly!! Ordering this now!!"

---

[11] *See* CC trademark (Reg. No. 1501898) (covering costume jewelry).

[12] *See* Christian Dior trademark (Reg. No. 0543994) (covering handbags).

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10



11    56.    In August 2022, Instagram blocked Hawat's former account for, on information

12  and belief, promoting counterfeit and infringing products. Nevertheless, Hawat continued to

13  promote counterfeit and/or infringing products through a new Instagram account until that

14  account was shut down, and Hawat is still actively promoting counterfeit and/or infringing

15  products through her YouTube, Like To Know It, and Linktree pages.

16    57.    On information and belief, Hawat generated commissions from the sales of the

17  counterfeit and/or infringing products she knowingly promoted through a third-party affiliate

18  platform. Each time Hawat shared a link to a product listed for sale in the Amazon Store, the link

19  contained her unique ID tag generated from the third-party affiliate platform. When consumers

20  clicked on one of Hawat's links containing her unique ID and purchased the product, Hawat

21  earned a commission from that sale.

22    58.    Hawat promoted through her social media posts counterfeit and/or infringing

23  products offered for sale in the Amazon Store by the Trafficker Defendants. Hawat profited from

24  commissions generated by her social media posts promoting counterfeit and/or infringing Prada,

25  Hermès, Chanel, Louis Vuitton, and Christian Dior products as these posts contained an affiliate

26  link with her unique ID.

27

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 25

**D.    The Trafficker Defendants' Sale of Counterfeit and/or Infringing Products**

59.    The Trafficker Defendants advertised, marketed, offered, distributed, and sold counterfeit and/or infringing Prada-branded handbags, Hermès-branded jewelry, Chanel-branded handbags, Louis Vuitton-branded jewelry, and/or Christian Dior-branded jewelry in the Amazon Store. The counterfeit and/or infringing luxury brand products sold by the Trafficker Defendants are identified and described in Schedules 1A and 1B. Amazon has determined that the Prada, Hermès, Chanel, Louis Vuitton, and Christian Dior products sold and offered for sale by the Trafficker Defendants are likely counterfeit and/or infringing based on Hawat's promotion of the products in connection with her hidden links scheme; the Trafficker Defendants' use of obfuscation on the listing pages for the products; the registered trademarks that Amazon has confirmed appear on the products through test buys; and the price point at which the Trafficker Defendants were selling the products, among other factors. Furthermore, Prada, Hermès, and Chanel have each reviewed physical samples and/or images of the products sold and offered for sale by the Trafficker Defendants, and determined that the products are counterfeit and/or infringing, each bears a counterfeit trademark, and that each brand has never authorized the sale of such products, as detailed in Schedule 1A.

**E.    Amazon Shut Down Hawat's Amazon Storefront and the Trafficker Defendants' Selling Accounts**

60.    As demonstrated above, Hawat used her social media accounts to promote the sale of counterfeit and/or infringing luxury brand items by bad actors in the Amazon Store. Amazon has conducted multiple test purchases from product listing pages of bad actors linked in Hawat's social media posts as detailed in Schedules 1A and 1B and determined that the products shipped by the bad actors are counterfeit and/or infringing. Further, and also as demonstrated above, Hawat's promotion of these counterfeit and/or infringing products was knowing, deliberate, and done for personal profit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

61.     After Amazon verified Hawat was promoting counterfeit and/or infringing products for sale in the Amazon Store, Amazon promptly took action to protect its customers and partnering brands and deactivated Hawat's Amazon Storefront.[13]

62.     By selling counterfeit and/or infringing products, the Trafficker Defendants violated the BSA and Amazon's policies. The Trafficker Defendants also knowingly and willfully used the unauthorized IP of third parties in connection with their advertising, marketing, offering, distributing, and selling of counterfeit and/or infringing products.

63.     At all times, the Trafficker Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic products. The Trafficker Defendants have breached the terms of their agreement with Amazon, deceived Amazon's customers and Amazon, infringed and misused the IP rights of Prada, Hermès, Chanel, Louis Vuitton, and/or Christian Dior, harmed the integrity of and customer trust in the Amazon Store, and tarnished Amazon's brand.

64.     After Amazon verified Defendants' sale of counterfeit and/or infringing products, it promptly blocked the Trafficker Defendants' Selling Accounts. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon, Prada, Hermès, Chanel, Louis Vuitton, and Christian Dior.

## V.     CLAIMS

### FIRST CLAIM
*(by Amazon against the Trafficker Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

65.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

---

[13] An "Amazon Storefront" is a customizable page that influencers and others can use to link to products in the Amazon Store and provide recommendations and other content to their followers. The former URL for Hawat's Amazon Storefront was https://www.amazon.com/shop/ashleyhawat. Amazon closed Hawat's Amazon Storefront for her violations of its anti-counterfeiting policies.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

66.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. The Trafficker Defendants' actions in selling counterfeit and/or infringing products posed a threat to Amazon's reputation because they undermined and jeopardized customer trust in the Amazon Store.

67.     Specifically, the Trafficker Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed the Trafficker Defendants to do so but for their deceptive acts.

68.     In advertising, marketing, offering, distributing, and selling counterfeit and/or infringing Prada, Hermès, Chanel, Louis Vuitton, and/or Christian Dior products in the Amazon Store, the Trafficker Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

69.     The Trafficker Defendants' acts also constituted willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

70.     As described above, the Trafficker Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. The Trafficker Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat the Trafficker Defendants' wrongdoing and to bring this lawsuit to prevent the Trafficker Defendants from causing further harm to Amazon and its customers. The Trafficker Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that the Trafficker Defendants continue to establish selling accounts under different or false identities. An award of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

71.     Amazon is entitled to an injunction against the Trafficker Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in investigating and bringing this lawsuit.

72.     Amazon is also entitled to recover its damages arising from the sale of counterfeit products in the Amazon Store by the Trafficker Defendants in Schedule 1A.

**SECOND CLAIM**
***(by Amazon against Hawat)***
**Contributory False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

73.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

74.     Hawat is liable for contributory false designation of origin and false advertising for her knowing facilitation and assistance in the sale of counterfeit and/or infringing products offered by the Trafficker Defendants.

75.     Hawat's actions were designed to encourage and facilitate the sale of products by the Trafficker Defendants that Hawat knew or should have known were counterfeit and/or infringing, and that were likely to lead to consumer confusion about the source or sponsorship of the goods. As set forth above, Hawat repeatedly directed and instructed her social media followers on how to purchase infringing products in the Amazon Store, explaining that by clicking on the links in her posts, her followers could purchase counterfeit and/or infringing luxury brand products in the Amazon Store.

76.     The product listing pages in the Amazon Store were disguised as non-branded products in a coordinated scheme between Hawat and bad actors such as the Trafficker Defendants to conceal their promotion and sale of counterfeit and/or infringing products, deceive Amazon, and evade Amazon's counterfeit and infringement detection systems.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

77.     As described above, Hawat, through her illegal acts, has jeopardized the trust that customers place in the Amazon Store and harmed Amazon and its customers. Hawat's misconduct has also caused Amazon to expend significant resources to investigate and combat her wrongdoing and to bring this lawsuit to prevent her from causing further harm to Amazon and its customers. Hawat's illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing to the extent that Hawat continues to advertise and actively facilitate the sale of counterfeit and/or infringing products in the Amazon Store. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

78.     Plaintiffs are entitled to an injunction against Hawat, her officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with her, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

### THIRD CLAIM
*(by Amazon against the Trafficker Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

79.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

80.     The Trafficker Defendants' promoting, advertising, marketing, offering, distributing, and/or selling of counterfeit and/or infringing products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

81.     The Trafficker Defendants' promoting, advertising, marketing, offering, distributing, and/or selling of counterfeit and/or infringing products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

82.     The Trafficker Defendants' promoting, advertising, marketing, offering, distributing, and/or selling of counterfeit and/or infringing products directly and proximately

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

causes harm to and tarnishes Amazon's reputation and brand, and damages its business and property interests and rights.

83.     Accordingly, Amazon seeks to enjoin further violations of RCW 19.86.020 and recover from the Trafficker Defendants their attorneys' fees and costs. Amazon further seeks to recover from Trafficker Defendants in Schedule 1A its actual damages, trebled, regarding their activities involving the sale of counterfeit products.

**FOURTH CLAIM**
*(by Amazon.com Services LLC[14] against the Trafficker Defendants listed in Schedule 1A)[15]*
**Breach of Contract**

84.     Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

85.     The Trafficker Defendants each established an Amazon selling account and entered into Amazon's BSA, a binding and enforceable contract between the Trafficker Defendants and Amazon. The Trafficker Defendants also each contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

86.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

87.     The Trafficker Defendants' sale and distribution of counterfeit products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, the Trafficker Defendants' conduct constitutes infringement and misuse of the IP rights of Prada, Hermès, Chanel, Louis Vuitton, and/or Christian Dior.

88.     The Trafficker Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined owing to their activities involving the sale of counterfeit products.

---

[14] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

[15] For the Fourth Claim only, "Trafficker Defendants" shall refer to the Defendants listed in Schedule 1A only. The Trafficker Defendants in Schedule 1B are subject to a different version of the BSA.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 31

## VI.      PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A.      That the Court enter an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, assigns, and all others in active concert or participation with them, from:

(i)      selling products in Amazon's stores;

(ii)     selling products to Amazon or any affiliate;

(iii)    opening or attempting to open any Amazon Vendor, Selling, or Associate accounts;

(iv)    importing, manufacturing, producing, distributing, circulating, offering to sell, selling, advertising, promoting, or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of Amazon's brand or trademarks, or which otherwise infringes Amazon's IP, on any platform or in any medium; and

(v)     assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.      That the Court enter judgment in Amazon's favor on all claims brought by it;

C.      That the Court enter an order disabling Hawat's social media accounts that promote, advertise, market, offer to sell, or facilitate the sale of any counterfeit or infringing products;

D.      That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing a third party's trademark or that otherwise infringe a third party's IP, and any related materials, including business records and materials used to reproduce any infringing products, in the Trafficker Defendants' possession or under their control;

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

E.      That the Court enter an order requiring the Trafficker Defendants to provide Amazon a full and complete accounting of all amounts due and owing to Amazon as a result of their unlawful activities involving the sale of counterfeit products;

F.      That the Court enter an order requiring Hawat to provide Amazon a full and complete accounting of all amounts due and owing to Amazon as a result of her unlawful activities;

G.      That the Court enter an order requiring the Trafficker Defendants in Schedule 1A pay Amazon's damages, plus their profits, from the unlawful conduct described herein related to their activities involving the sale of counterfeit products, and for such amounts to be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.      That the Court enter an order requiring the Hawat to pay Amazon's damages, plus her profits, from the unlawful conduct described herein, and for such amounts to be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

I.      That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

J.      That the Court enter an order requiring Defendants to pay the costs of this action and Amazon's reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

K.      That the Court enter an order requiring that identified financial institutions restrain and transfer to Amazon all amounts arising from Defendants' unlawful counterfeiting and infringing activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

L.      That the Court grant Amazon such other, further, and additional relief as the Court deems just and equitable.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

1   DATED this 6th day of September, 2023.

2                                        DAVIS WRIGHT TREMAINE LLP
                                         *Attorneys for Plaintiffs*
3

4                                        *s/ Scott R. Commerson*
                                         Scott R. Commerson, WSBA #58085
5                                        865 South Figueroa Street, Suite 2400
                                         Los Angeles, CA 90017-2566
6                                        Tel: (213) 633-6800
                                         Fax: (213) 633-6899
7                                        Email: scottcommerson@dwt.com

8                                        *s/ Lauren Rainwater*
                                         Lauren Rainwater, WSBA #43625
9                                        920 Fifth Avenue, Suite 3300
                                         Seattle, WA 98104-1604
10                                       Tel: (206) 622-3150
                                         Fax: (206) 757-7700
11                                       Email: laurenrainwater@dwt.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## SCHEDULE 1A

**DEFENDANT 1:** Zhang Mengjie

**DEFENDANT 2:** Shenzhen Yuhan Electronic Commerce Co., Ltd.

Selling Account Name: Fucom-US
Dates of Known Sales of Infringing Products: July 29, 2021 to October 12, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Women H Buckle Bracelet White Birthday Christmas Valentine Jewelry Gift for Women Girls<br><br>ASIN[1]: B097TC5G1M | • On or about June 1, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Amazon provided images of the test-purchased product to Hermès, and Hermès confirmed that the item is counterfeit based on deviations from Hermès' authentic product. |
| MX·HYKER Women Christmas Valentine Gift H Shaped Buckle Bracelet Orange (NEW-OR)<br><br>ASIN: B09WHH1DH9 | • On or about June 2, 2022, Amazon conducted test purchases of the listed products.<br><br>• Amazon provided images of the test-purchased products to Hermès, and Hermès confirmed that the items are counterfeit based on deviations from Hermès' authentic products. |
| Women Christmas Valentine Gift H Shaped Buckle Bracelet Black<br><br>ASIN: B09J4QV2N2 | |

**DEFENDANT 3:**

Selling Account Name: Jinanhuicaichengkuajingdianzishangwuyouxiangongsi[2]
Dates of Known Sales of Infringing Products: June 24, 2022 to June 27, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| NA Handmade Straw Bag, Travel Beach Fishing Mesh Bag, Straw Woven Bag Female Pastoral Style Weaving Hollow Shoulder Bag | • On or about June 27, 2022, Amazon conducted a test purchase of the listed product. |

---

[1] ASIN refers to "Amazon Standard Identification Number," which is a unique series of ten alphanumeric characters that is assigned to each product listed for sale in Amazon's stores.

[2] The translation of this selling account name from Pinyin to English is Jinan Huicaicheng Cross-border E-commerce Co., Ltd.

| Purported Product | Confirmation of Counterfeit |
|---|---|
| ASIN: B0B1ZZT625 | • Amazon provided images of the test-purchased product to Prada, and Prada confirmed that the item is counterfeit based on deviations from Prada's authentic product and packaging. |

**DEFENDANT 4:**

Selling Account Name: Bamei (7-15 days delivery)
Dates of Known Sales of Infringing Products: May 24, 2022 to June 14, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Women's Classic Quilted Crossbody Purse PU Leather Shoulder Bags Golden China Satchel Handbags<br><br>ASIN: B09YRMPR96 | • On or about June 1, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Amazon provided images of the test-purchased product to Chanel, and Chanel confirmed that the item is counterfeit based on deviations from Chanel's authentic product. |

**DEFENDANT 5:**

Selling Account Name: Hǎikǒu jiàn mó yī màoyì yǒuxiàn gōngsī
Dates of Known Sales of Infringing Products: May 5, 2022 to June 23, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| 8k Gold Plated Cuban Chain CD Initial Stainless Steel Non-Fading Dainty Bracelet<br><br>ASIN: B09P3X47KC | • On or about June 1, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Based on Defendant Hawat's promotion of the listed product in connection with her hidden links scheme, the Defendant's use of obfuscation on the listing page for the product, the registered trademarks that Amazon has confirmed appear on the product shipped by Defendant, and the price point for which Defendant was selling the product, among other things, Amazon has determined that the product is likely counterfeit. |

**DEFENDANT 6:**

Selling Account Name: 晨鱼[3]
Dates of Known Sales of Infringing Products: March 26, 2022 to June 15, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| Stainless Steel Fadeless Cuban Gold Punk Style Hip Hop Thick Necklace Letter CD necklace Jewelry Wedding Party Women's Gifts (Necklace)<br><br>ASIN: B09VC4GJ4M | • On or about June 1, 2022, Amazon conducted a test purchase of the listed product.<br><br>• Based on Defendant Hawat's promotion of the listed product in connection with her hidden links scheme, the Defendant's use of obfuscation on the listing page for the product, the registered trademarks that Amazon has confirmed appear on the product shipped by Defendant, and the price point for which Defendant was selling the product, among other things, Amazon has determined that the product is likely counterfeit. |

---

[3] The translation of this selling account name from Chinese characters to English is Chen Yu.

## SCHEDULE 1B

**DEFENDANT 7:**

Selling Account Name: Insect-LTD
Dates of Known Sales of Infringing Products: May 21, 2022 to July 4, 2022

| Purported Product | Confirmation of Counterfeit |
|---|---|
| L Letter Earrings V Letter Earrings for Womens Stud Jewelry L Logo V Logo For Women Gift<br><br>ASIN: B09WVSQF3G<br><br>L Letter Earrings V Letter Earrings for Womens Stud Jewelry L Logo V Logo For Women Gift<br><br>ASIN: B09WVXBQDX | • On or about June 2, 2022, Amazon conducted test purchases of the listed products.<br><br>• Based on Defendant Hawat's promotion of the listed products in connection with her hidden links scheme, the Defendant's use of obfuscation on the listing pages for the products, the registered trademarks that Amazon has confirmed appear on the products shipped by Defendant, and the price point for which Defendant was selling the products, Amazon has determined that the products are likely counterfeit. |
| Bucket D Hat for Women Men Cotton Womens Summer Beach Sun Hats Vacation Travel Accessories (Cyan-Blue)<br><br>ASIN: B09XL3S9NJ | • On or about June 7, 2022, Amazon conducted test purchases of the listed products.<br><br>• Based on Defendant Hawat's promotion of the listed products in connection with her hidden links scheme, the Defendant's use of obfuscation on the listing pages for the products, the registered trademarks that Amazon has confirmed appear on the products shipped by Defendant, and the price point for which Defendant was selling the products, Amazon has determined that the products are likely counterfeit. |